UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREW CHARLES JACKSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 19-449 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner Andrew Charles Jackson is a federal prisoner currently incarcerated at FCI Fairton, in Fairton, New Jersey. He is proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction.

## I.    BACKGROUND

    The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. In June of 2000, a Grand Jury indicted Petitioner on one count of engaging in a continuing criminal enterprise, one count of killing in furtherance of a criminal enterprise, one count of carrying a firearm during a drug trafficking crime, and four counts of distributing crack cocaine. In 2002, a jury found Petitioner guilty on all counts, and the United States District Court for the Northern District of West Virginia sentenced Petitioner to life in prison and five years.

    According to Petitioner, the court had improperly applied the 2001 Sentencing Guidelines instead of the 1987 Sentencing Guidelines, which were in effect at the time of his offenses. Had the court used the 1987 Guidelines, Petitioner contends that he would have had a sentencing range of 210 to 262 months imprisonment rather than a minimum sentence of life in prison. Additionally, the sentencing court enhanced Petitioner's sentence based on the quantity of drugs and degree of

murder involved in his offenses, without submitting those issues to a jury. It appears that Petitioner's trial counsel did not contest any of these issues.

It is not entirely clear what transpired next, but it appears that the Fourth Circuit denied his direct appeal, *United States v. West*, 90 F. App'x 683 (4th Cir. 2004), and the Supreme Court denied his petition for writ of certiorari. *Jackson v. United States*, 543 U.S. 888 (2004). Petitioner filed a petition pursuant to 28 U.S.C. § 2255, and a district court denied that Petition on the merits. *Jackson v. United States*, No. 05-110, 2008 WL 2230718, at *1 (N.D.W. Va. May 29, 2008). The Fourth Circuit denied a certificate of appealability, *United States v. Jackson*, 393 F. App'x 129 (4th Cir. 2010), and the Supreme Court denied certiorari. *Jackson v. United States*, 562 U.S. 1278 (2011).

Petitioner then filed a second § 2255 petition, and a district court denied that petition as untimely and for a lack of jurisdiction as second or successive. *Jackson v. United States*, No. 3:00-CR-6-1, 2013 WL 1849524, at *1 (N.D.W. Va. Apr. 30, 2013). The Fourth Circuit again denied a certificate of appealability, and the Supreme Court denied certiorari. *United States v. Jackson*, 703 F. App'x 197 (4th Cir. 2017), *cert. dismissed*, 138 S. Ct. 2664 (2018).

Petitioner then filed the instant Petition, contending: (1) that he received ineffective assistance of counsel; (2) that he received sentencing enhancements in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) that his sentence violated the Constitution's *Ex Post Facto* Clause. *See generally* U.S. Const. art. I, § 9, cl. 3.

## II.   STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when

the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

Petitioner challenges his conviction and sentence in this 28 U.S.C. § 2241 federal habeas action. Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the

3

personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his challenges within the *Dorsainvil* exception. According to Petitioner, his trial counsel was ineffective for failing to object to the district court's use of the 2001 Sentencing Guidelines rather than the 1987 Sentencing Guidelines, which were in effect at the time he committed the offenses. (ECF No. 1-2, at 14–15). Petitioner then argues that the court's use of the 2001 Guidelines, which allegedly provided for a higher sentencing range than the Guidelines in effect at the time of his offenses, violated the

4

Constitution's *Ex Post Facto* Clause. *See generally* U.S. Const. art. I, § 9, cl. 3.  Finally, Petitioner contends that the district court violated *Apprendi* by enhancing his sentence based on the quantity of drugs and degree of murder involved in his offenses, without submitting those questions to a jury.

The Court finds that these allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009).  For example, a "motion under § 2255 is the appropriate means to challenge the constitutionality of his [incarceration] based on ineffective assistance of counsel." *E.g.*, *Ward v. United States*, No. 08-889, 2008 WL 2622785, at *2 (D.N.J. June 27, 2008).

Likewise, § 2255 is "not inadequate or ineffective" to challenge a court's application of a newer version of the Sentencing Guidelines in violation of the *Ex Post Facto* Clause.  Indeed, numerous courts have addressed such claims in the context of a § 2255 motion. *See, e.g.*, *Giblin v. United States*, No. 09-1286, 2010 WL 3039992, at *7 (D.N.J. Aug. 3, 2010); *Wells v. Reilly*, No. 05-5583, 2006 WL 3518586, at *3 (D.N.J. Dec. 1, 2006); *Abdullah v. United States*, No. 01-862, 2001 WL 283159, at *5 (E.D. Pa. Mar. 20, 2001), *aff'd*, 29 F. App'x 101 (3d Cir. 2002).

Similarly, § 2255 is "not inadequate or ineffective" to raise *Apprendi* claims because they deal "with sentencing" and thus ordinarily fall within the province of a motion to vacate, set aside, or correct sentence pursuant to § 2255. *Martinez v. Zickefoose*, No. 11-7167, 2011 WL 6303458, at *3 (D.N.J. Dec. 16, 2011) (citing *Okereke*, 307 F.3d at 117).  Additionally, such claims fail to fall within the *Dorsainvil* exception because they do not render the underlying crimes "not criminal." *Id*.  As applied to the present case, assuming that Petitioner received sentencing enhancements in violation of *Apprendi*, it would not render the trafficking of crack cocaine,

engaging in a criminal enterprise, or carrying a firearm while trafficking drugs, somehow "not criminal." *See Okereke*, 307 F.3d at 120.

Ultimately, all of these challenges were available to Petitioner during the pendency of his case and his original § 2255 proceeding. Section 2255 is not somehow inadequate or ineffective merely because the sentencing court rejected his claims or because Petitioner failed to raise them in the first place. *See Cradle*, 290 F.3d at 539. Once again, it "is the inefficacy of the remedy, not [Petitioner's] *personal inability to use it*, that is determinative." *Id.* at 538 (emphasis added).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's convictions and sentence. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interests of justice to transfer this Petition to the Fourth Circuit as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision not to transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate order follows.

DATED: July 31, 2019                                        <u>s/Robert B. Kugler</u>
                                                            ROBERT B. KUGLER
                                                            United States District Judge